**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:26-CV-20140**

ANTONIO AGUILA,

        Plaintiff,

    v.

VERITIV OPERATING COMPANY,

        Defendant.

## DEFENDANT VERITIV OPERATING COMPANY'S NOTICE OF REMOVAL

Defendant Veritiv Operating Company ("Veritiv"), by its attorneys and pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, removes this case from the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, Miami Division. In support of its Notice of Removal, Veritiv states as follows:

## BACKGROUND AND TIMELINESS

1. On November 11, 2025, Plaintiff Antonio Aguila commenced a civil action against Veritiv by filing a Complaint in the Circuit Court of the 11th Judicial Circuit in and for Miami-Date County, Florida, entitled *Antonio Aguila v. Veritiv Operating Company*, Case No. 2025-022340-CA-01.

2. Veritiv was served with Plaintiff's Complaint on December 11, 2025. All process, pleadings, and orders served upon or by Veritiv are attached as **Exhibit A**. These documents constitute all "process, pleadings, and orders" served upon Veritiv in the state court action as required by 28 U.S.C. § 1446(a).

3. This Notice of Removal is timely, as Veritiv filed it within thirty (30) days of service. *See* 28 U.S.C. § 1446(b).

## CLAIMS ASSERTED BY PLAINTIFF

4. Plaintiff purports to allege claims under federal law pursuant to: "Title VII of the Civil Rights Act of 1886, 42 U.S.C. § 1981 ('§ 1981')" and the "Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ('FLSA')." *See* Ex. A, Complaint ("Compl.") at ¶ 1.

5. Plaintiff also purports to allege claims under a state of Florida statute: the "Florida Civil Rights Act of 1992, Florida Statute Section 760, *et seq.* ('FCRA')." *Id*.

6. Plaintiff seeks "[d]eclaratory, injunctive, legal, and equitable relief" as well as "attorneys' fees, costs and damages." *Id*. at ¶ 10.

## BASES FOR REMOVAL

**I.      This Court Has Jurisdiction Pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction)**

7. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."

8. This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

9. Here, Plaintiff alleges that Veritiv violated Title VII, Section 1981, and the FLSA, all of which are federal laws. *Id.* Therefore, this Court has original jurisdiction under 28 U.S.C. § 1331, and removal to this Court is proper pursuant to 28 U.S.C. § 1441(a).

10. The Court may also exercise supplemental jurisdiction over Plaintiff's claims under Florida state law pursuant to 28 U.S.C. § 1367 as the state law claims are so related to the claims subject to the Court's original jurisdiction that they form part of the same case or controversy. Indeed, Plaintiff's state law claims are based on the same alleged conduct that is the purported foundation for Plaintiff's federal discrimination and retaliation claims. Therefore, supplemental jurisdiction over the state law claims is properly invoked under 28 U.S.C. § 1367.

11. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441. Because Plaintiff's federal claims are removable, Plaintiff's state law claims—and the action in its entirety—are similarly removable under 28 U.S.C. § 1441(c).

## II. This Court Also Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1332 (Diversity Jurisdiction)

12. This action is separately removable under 28 U.S.C. § 1441(b) because it is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The requirements of 28 U.S.C. § 1332(a) have been met because, as set forth below, there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

### A. *Plaintiff is a Florida Citizen*

13. In his Complaint, Plaintiff admits that he resides in Florida. Ex. A, Compl. at ¶ 3. Thus, by Plaintiff's own admission, he was, at the time of filing the Complaint, a citizen of Florida for purposes of diversity jurisdiction.

### B. *Veritiv is Not a Florida Citizen.*

14. A corporation "shall be deemed to be a citizen of any state by which it has been incorporated and of the State where it has its principal place of business." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). A corporation's principal place of business is the place where the corporation's officers direct, control, and coordinate the corporation's activity, and, in practice,

that place "should normally be the place where the corporation maintains its headquarters." *Id*. at 92–93.

15.     Because Veritiv is incorporated in Delaware and has its headquarters in Georgia, Veritiv is a citizen of the states of Delaware and Georgia for diversity purposes. **Exhibit B**, Declaration of Timothy Porter, ¶¶ 4-5. Thus, there is complete diversity between Plaintiff and Veritiv.

*C.      Amount in Controversy*

16.     While Veritiv denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied based on Plaintiff's Complaint allegations.

17.     Specifically, Plaintiff alleges that he has suffered damages "in excess of Five Hundred Thousand Dollars ($500,000)." Ex. A, Compl. at ¶ 1.

18.     Because this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(b).

## VENUE AND NOTICE TO STATE COURT

19.     Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Because this action is pending in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, venue, for purposes of removal, is proper in this Court pursuant to 28 U.S.C. §§ 1441 and 1446(a). Veritiv, therefore, removes this action to the United States District Court for the Southern District of Florida, Miami Division.

20.     Promptly upon filing of this Notice of Removal, Veritiv will also file a Notice of Filing of Notice of Removal to Federal Court, together with a copy of the Notice of Removal,

4

with the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida and will serve a copy thereof on Plaintiff through counsel, pursuant to 28 U.S.C. § 1446(d). A copy of this Notice (without exhibits) is attached hereto as **Exhibit C**.

## CONCLUSION

21.     Veritiv submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages Plaintiff seeks may be properly sought).

22.     Based on the foregoing, this Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, due to Plaintiff's Title VII, Section 1981, and FLSA claims, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount in controversy clearly exceeds $75,000.00. Therefore, the Court may exercise jurisdiction over this lawsuit. *See* 28 U.S.C. § 1441.

WHEREFORE, Veritiv submits that this action is removable based on original federal question jurisdiction and supplemental jurisdiction as well as diversity jurisdiction and respectfully requests that the above-described action pending against it be removed to the U.S. District Court for the Southern District of Florida. Veritiv also requests all other relief, at law, or in equity, to which it justly is entitled.

Respectfully submitted this 9th day of January 2026.

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Christina F. Meddin*
Christina F. Meddin
Florida Bar No. 120489
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3958
Telephone: (404) 885-1500
E-mail: cmeddin@seyfarth.com

*Attorney for Defendant*
*Veritiv Operating Company*

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.**

ANTONIO AGUILA,

      Plaintiff,

    v.

VERITIV OPERATING COMPANY,

      Defendant.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2026, I filed a copy of the foregoing **DEFENDANT VERITIV OPERATING COMPANY'S NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and served same by U.S. Mail with adequate postage thereon addressed to the following attorneys of record:

Jason S. Remer
jremer@rgph.law
REMER & GEORGES-PIERRE & HOOGERWOERD, PLLC
2745 Ponce de Leon Blvd.
Coral Gables, FL 33134

*/s/ Christina F. Meddin*
Christina F. Meddin
*Attorney for Defendant*