**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:26-CV-20140-RKA**

ANTONIO AGUILA,

       Plaintiff,

  v.

VERITIV OPERATING COMPANY,

       Defendant.

**JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS**
**FAIR LABOR STANDARDS ACT CLAIMS WITH PREJUDICE**

Plaintiff Antonio Aguila and Defendant Veritiv Operating Company hereby file this Joint

Motion to Approve Settlement and Dismiss Fair Labor Standards Act Claims with Prejudice, and

state as follows:

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff's Complaint asserts claims against Defendant for "unpaid wages" under the Fair

Labor Standards Act ("FLSA"). *See e.g.*, Dkt. 1-2 at 4. On January 16, 2026, Defendant

answered Plaintiff's Complaint denying these allegations, among others. Dkt. 5. On January 19,

2026, this Court ordered the Parties to participate in mediation. *See* Dkt. 8 at 1-2; Dkt. 11. The

Parties complied with the Court's directive and on April 23, 2026, agreed to resolve Plaintiff's

claims. Dkt. 12.

The Parties have since reached a settlement agreement with no admission of liability (the

"Settlement Agreement"), which the Parties have appended a copy of hereto. *See* Exhibit A. The

Parties respectfully request that the Court review and approve the Settlement Agreement

pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

### MEMORANDUM OF LAW

FLSA claims may be settled, compromised, or released by an employee upon judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc.,* 679 F.2d at 1354.

In determining whether a settlement is "fair, adequate and reasonable and is not the product of collusion between the parties," *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977), courts are to consider the following factors:

> (1) the existence of fraud or collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of the plaintiffs' success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel . . . .

*Morgan v. Public Storage*, 301 F.Supp.3d 1237, 1247  (S.D. Fla. 2016). Here, all six factors weigh in favor of approving the Parties' agreed-upon settlement.

**(1)     *There Was No Fraud or Collusion.***

In this case, there was no fraud or collusion, as both of the Parties were represented by counsel experienced in handling FLSA claims.

**(2)     *The Complexity, Expense, and Length of Litigation Support Early Resolution.***

The complexity, expense, and length of litigation weigh heavily in favor of settlement in

2

this case. The cost of protracted litigation, which would require all Parties to pursue their claims and defenses and obtain a final judgment on the merits, would be exceedingly high and likely exceed any damages Plaintiff could hope to recover in this action. Plaintiff's claims would require extensive discovery and multiple witnesses, further compounding continued litigation. The proposed settlement minimizes such costs, preserving the Court's and each Party's resources.

**(3)     *The Parties Resolved this Case at the Appropriate Stage.***

Before resolving this case, the Parties reviewed sufficient information that enabled them to consult with their counsel and make a decision about whether to continue litigating or to resolve this case. Both Parties were privy to information about Plaintiff's rate of pay and hours worked. Based on their analyses of the same, in addition to the costs associated with continued litigation, the Parties decided to resolve this matter at the mediation stage.

**(4)     *The Probability of Success on the Merits Supports Settlement.***

The Parties disagree about the merits of Plaintiff's claim(s) and the applicable defenses, making protracted litigation inevitable if the settlement is not approved. Among the issues disputed are whether Plaintiff worked in excess of forty hours in any week without overtime pay, whether Defendant knew that Plaintiff worked in excess of the time he reported to the Defendant, whether any alleged violation of the FLSA was willful, whether Defendant had reasonable grounds to believe that its actions complied with the FLSA, and other matters. Accordingly, Plaintiff's probability of success on the merits and the uncertainty that he would personally receive any amount—let alone an amount greater than what the settlement provides—further supports the validity, reasonableness, and fairness of the settlement at issue.

**(5)**      *The Range of Possible Recovery Supports Approval.*

The Parties' settlement takes into account the validity of Plaintiff's claims, the defenses thereto, and the length of time it would take for Plaintiff to actually recover a final judgment against Defendant. The Parties believe the settlement amount fairly compensates Plaintiff for alleged unpaid wages and an equal amount for liquidated damages based on the factual information available to the Parties as well as an amount for Plaintiff's attorneys fees and costs. The settlement amount also accounts for the risk that Plaintiff may not successfully prove entitlement to his full alleged damages. If litigated to its conclusion, the Court could find, given Defendant's defenses and the factual record, that Plaintiff was compensated for all hours worked and entitled to no damages at all or an amount of damages less than those negotiated here. Serious questions of law and fact exist that place the ultimate outcome of the litigation in doubt.

**(6)**      *Counsel Agree That The Settlement Is Fair.*

Considering the facts of this case, including the time worked, the amount claimed, and what the records reflect, as well as the potential defenses involved, the Parties agree that the proposed settlement reached by the Parties and reflected in their written Settlement Agreement represents a fair and reasonable resolution of Plaintiff's claim. Plaintiff further submits that the attorney's fees to be paid under the agreement are fair, which Defendant does not contest. Plaintiff's counsel compromised the attorney's fees incurred to resolve this case at this juncture.

## **CONCLUSION**

Given that the settlement is fair and reasonable on its face, and that Plaintiff's recovery was not adversely affected by the attorney's fees paid to counsel, Plaintiff and Defendant respectfully request that the Court approve the Settlement Agreement and dismiss Plaintiff's wage and hour claims with prejudice, with each party to bear its own costs, fees and expenses (except

as otherwise set forth in the Parties' Settlement Agreement). The Parties further stipulate to the

dismissal with prejudice of this action, on the terms set forth in the Settlement Agreement and

upon further condition that the Court retain jurisdiction over this matter for a period of 30 days to

enforce the Parties' Settlement Agreement.

Dated:  May 22, 2026

Respectfully submitted,

| | |
|---|---|
| REMER & GEORGES-PIERRE & HOOGERWOERD, PLLC | SEYFARTH SHAW LLP |
| */s/ Jason S. Remer*_____ <br> Jason S. Remer <br> Florida Bar No. 165580 <br> REMER & GEORGES-PIERRE & <br> HOOGERWOERD, PLLC <br> 2745 Ponce de Leon Blvd. <br> Coral Gables, FL 33134 <br> Telephone: (305) 416-5000 <br> Facsimile: (305) 416-5005 <br> E-mail: jremer@rgph.law | */s/ Christina F. Meddin*_____ <br> Christina F. Meddin <br> Florida Bar No. 120489 <br> SEYFARTH SHAW LLP <br> 1075 Peachtree Street, N.E. <br> Suite 2500 <br> Atlanta, Georgia 30309-3958 <br> Telephone: (404) 885-1500 <br> E-mail: cmeddin@seyfarth.com |
| *Attorney for Plaintiff* | *Attorney for Defendant* <br> *Veritiv Operating Company* |

## CERTIFICATION OF PRE-FILING CONFERENCE

In accordance with Local Rule 7.1(a)(3), Defendant's counsel certifies that she conferred via email with counsel for Plaintiff on May 21, 2026 to confirm his agreement to this Joint Motion to Approve Settlement and Dismiss Fair Labor Standards Act Claims with Prejudice. Plaintiff's counsel confirmed his agreement to this joint status report by return email.

Respectfully submitted this 22nd day of May, 2026.

*/s/ Christina F. Meddin*

Christina F. Meddin
*Attorney for Defendant*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:26-CV-20140-RKA**

ANTONIO AGUILA,

       Plaintiff,

  v.

VERITIV OPERATING COMPANY,

       Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2026, I presented the foregoing **MOTION TO APPROVE SETTLEMENT AND DISMISS FAIR LABOR STANDARDS ACT CLAIMS WITH PREJUDICE** to the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Christina F. Meddin*

Christina F. Meddin
*Attorney for Defendant*